# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD., | § § § § § § § | Case No. 2:15-CV-01702-RWS-RSP |
| v. | | |
| ALIBABA.COM, INC.; | | |
| ALIBABA GROUP HOLDING LIMITED, NIMBUS DEVELOPMENT INC.; | § § § | Case No. 2:16-CV-01074-RWS-RSP |
| ALIBABA.COM HONG KONG LTD.; | § § § | Case No. 2:16-CV-00095-RWS-RSP |
| EBAY INC. | § § § | Case No. 2:16-CV-00098-RWS-RSP |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Alibaba, Nimbus, and eBay defendants' motions to dismiss, or alternatively, to transfer the patent infringement actions filed by Plaintiff Global Equity Management (SA) Pty. Ltd. ("GEMSA") to the Northern District of California.[1] The Court held a hearing on March 13, 2017. For the following reasons, defendants' motions are **GRANTED**.

---

[1] *See* motions filed by Alibaba.com, Inc. and Alibaba.com Singapore E-Commerce Private Limited ("Alibaba Singapore"), Case No. 2:15-cv-01702, Dkt. No. 16 ("Alibaba.com Br."); *see also id.* Dkt. No. 34; Nimbus Development Inc. ("Nimbus"), Case No. 2:16-cv-01074, Dkt. No. 12 ("Nimbus Br."); Alibaba Group Holding Limited ("Alibaba Holding"), Case No. 2:16-cv-01074, Dkt. No. 24 ("Alibaba Holding Br."); Alibaba.com Hong Kong Ltd. ("Alibaba Hong Kong"), Case No. 2:16-cv-00095, Dkt. No. 150 ("Alibaba Hong Kong Br."); and eBay Inc. ("eBay"), Case No. 2:16-00098, Dkt. No. 10 ("eBay Br.").

## BACKGROUND

The defendants seeking transfer all have principal places of business in Northern California or overseas. Alibaba.com and Nimbus are Delaware corporations with their principal place of business in San Mateo, California. Lee Decl. ¶ 3 (Case No. 2:15-cv-01702, Dkt. No. 16-1); Lee Decl. ¶ 2 (Case No. 2:16-cv-01074, Dkt. No. 12-1). Alibaba Singapore is incorporated in and has its principal place of business in Singapore. *Id.* ¶ 11. Alibaba Hong Kong is a Hong Kong corporation with a principal place of business in Hong Kong. Ho Decl. ¶ 3 (Case No. 2:16-cv-95, Dkt. No. 150-1). Alibaba Holding is incorporated in the Cayman Islands and has a principal place of business in Hangzhou, China. Ho Decl. ¶ 4 (Case No. 2:16-cv-01074, Dkt. No. 24-1). eBay is a Delaware with a principal place of business in San Jose, California. Whyte Decl. ¶ 5 (Case No. 2:16-cv-00098, Dkt. No. 10-1).

GEMSA is an Australian corporation with its principal place of business in Warradale, South Australia. *See* Case No. 2:16-cv-00098, Dkt. No. 7 ¶ 1. Beginning on October 30, 2015, GEMSA filed 37 patent infringement actions in this district in consecutive phases. Much of the procedural history in these cases has been described in a previous Order. *See* Case No. 2:16-cv-00098, Dkt. No. 107. Briefly, because GEMSA's infringement allegations for many defendants relied on the defendants' alleged activity with Amazon Web Services, Inc.'s ("Amazon") web server, Amazon filed a declaratory judgment action seeking a judgment of noninfringement or invalidity in the Eastern District of Virginia. GEMSA thereafter filed an action against Amazon in this district, prompting Amazon to seek transfer to the Eastern District of Virginia under the first-to-file rule, and prompting Amazon's customers to seek a stay pending resolution of the declaratory judgment action. Both Amazon's motion to transfer and the customer defendants' motions to stay were granted. *See, e.g.*, Case No. 2:16-cv-00098, Dkt. Nos. 107, 248.

GEMSA's infringement allegations with respect to three entities— the Alibaba, Nimbus, and eBay defendants—are not based on alleged activity involving Amazon's web server. The cases against the Alibaba, Nimbus, and eBay defendants were originally consolidated, but in light of the Court's transfer of the Amazon case and stay of associated Amazon customer cases, the cases against the Alibaba, Nimbus, and eBay defendants were deconsolidated from the lead case. *See* Case No. 2:16-cv-00095, Dkt. No. 247. The remaining Alibaba, Nimbus, and eBay defendants all move to dismiss GEMSA's actions, or, alternatively, to transfer the actions to the Northern District of California under 28 U.S.C. § 1404(a) or § 1406(a).

## DISCUSSION

The Court can transfer a case to another district where the case might have been brought for "the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). Similarly, a case filed in the "wrong division or district" may be transferred "in the interest of justice . . . to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although certain Alibaba and Nimbus defendants contest personal jurisdiction and venue in this district, the Court need not resolve those questions because whether to transfer a case may be evaluated under either § 1404(a) or § 1406(a). *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007); *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).

A party seeking transfer under § 1404(a) must show the transferee district to be "clearly more convenient" than the transferor district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The analysis turns on public and private interest factors, no one of which is given dispositive weight. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private factors include: (1) ease of access to evidence ("sources of proof");

3

(2) subpoena power over potential witnesses; (3) cost of attendance for willing witnesses; and (4) other practical problems. *Volkswagen II*, 545 F.3d at 315. The public factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Volkswagen I*, 371 F.3d at 203. Courts consider the same or similar factors when assessing transfer under § 1406(a). *See, e.g.*, *Druid Grp., Inc. v. Dorfman*, No. 3:05 CV 00762 M, 2006 WL 2460553, at *4 (N.D. Tex. Aug. 22, 2006).

Before assessing the relevant factors, the threshold question is whether the case could have been brought in the transferee district. *Volkswagen II*, 545 F.3d at 312. Alibaba.com, Inc. and eBay have principal places of business in San Mateo, California, and San Jose, California, respectively, and thus both of these defendants could have been sued in the Northern District of California. Alibaba.com Br. at 14; eBay Br. at 4. Although Alibaba Singapore, Alibaba Holding, Alibaba Hong Kong, and Nimbus do not have a place of business in the Northern District of California, these defendants state that they "would not contest personal jurisdiction or venue in that District for purposes of the present case in view of the relative convenience of that forum." Alibaba.com Br. at 15; Alibaba Holding Br. at 15; Alibaba Hong Kong Br. at 15; Nimbus Br. at 13-14. GEMSA does not contend that a district court in California would not have had personal jurisdiction over any defendant nor that venue would have been improper in the Northern District of California. Accordingly, the Court is satisfied that GEMSA's cases against the Alibaba, Nimbus, and the eBay defendants could have been brought in the transferee district.

Turning to the relevant factors, the Court finds that the private interest factors weigh in favor of transfer. First, Alibaba, Nimbus, and eBay's physical evidence and witnesses are all

4

primarily located in within the Northern District of California or overseas. Second, to the extent that subpoena power will be important at trial, the defendants identify at least two specific non-party prior artists who live or work within reach of the Northern District of California's subpoena power. *See* Alibaba.com Br. at 18-19. Third, the costs to the defendants' witnesses will be reduced if those witnesses attend trial in California. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

For its part, GEMSA adds little to balance against the considerations highlighted by the defendants. GEMSA is an Australian company with no connection to Texas or this District and thus would be inconvenienced as much by a trial here as it would be by a trial in Northern California. *See Genentech, Inc.*, 566 F.3d at 1344. While GEMSA identifies a number of witnesses who live in or around Houston, Texas, all of whom allegedly have knowledge of the earlier third party products practicing the patent, *see, e.g.*, Case No. 2:15-cv-1702, Dkt. No. 19 at 15, there is no persuasive showing that they would be likely trial witnesses.

Similarly, GEMSA's judicial economy arguments are not compelling. GEMSA highlights, for example, that it filed other cases in this district, implying that practical considerations or administrative difficulties disfavor transfer. While it is appropriate to consider co-pending cases involving the same patent(s)-in-suit in some circumstances, *see In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 n.1 (Fed. Cir. 2014), the moving defendants are the only defendants whose cases have not already been stayed or transferred.

GEMSA's arguments regarding local interest are not sufficient to shift the balance. GEMSA contends that "[b]ecause the patents-in-suit were developed in and prosecuted from Texas and this suit . . . calls into question the work and reputation of individuals in or near the Eastern District of Texas, this District has a local interest in the outcome of the case." *See, e.g.*, Case No.

5

2:15-cv-1702, Dkt. No. 19 at 18. As other district courts have recognized, it is a generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise. *See TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008). To the extent that local interests are implicated by GEMSA's cases, because most of the witnesses GEMSA identifies live or work in Texas, they are balanced by the interests of individuals in the transferee district who work for the companies GEMSA accuses of patent infringement. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

GEMSA's choice of law arguments are likewise unpersuasive. GEMSA contends that "because Eastern-District-of-Texas law applies, this factor weighs against transfer." *See, e.g.*, Case No. 2:15-cv-1702, Dkt. No. 19 at 19. Patent law of course is not unique to the Eastern District of Texas. GEMSA also suggests that this district is more familiar with patent law than the Northern District of California, *see id.*, but "[p]atent claims are governed by federal law," and as such "both [courts are] capable of applying patent law to infringement claims," *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Finally, GEMSA contends that this Court is more familiar with Texas state law principles, but there has been no showing that a state law claim is present in this case.

## CONCLUSION

In light of the foregoing, this Court concludes that the interests of justice are best served by transferring GEMSA's cases against the Alibaba, Nimbus, and eBay defendants to the United States District Court for the Northern District of California.

Accordingly, it is **ORDERED**:

(1) The following motions to transfer are **GRANTED**:

- Case No. 2:15-cv-01702, Dkt. No. 34 (The previous motion pending at Dkt. No. 16 in Case No. 2:15-cv-01702 is **DENIED-AS-MOOT** in light of GEMSA's third amended complaint);
- Case No. 2:16-cv-01074, Dkt. No. 12;
- Case No. 2:16-cv-01074, Dkt. No. 24;
- Case No. 2:16-cv-00095, Dkt. No. 150;
- Case No. 2:16-00098, Dkt. No. 10.

(2) At the conclusion of twenty days from the entry of this Order, the clerk shall **TRANSFER** the following three cases to the United States District Court for the Northern District of California:

- Case No. 2:15-cv-01702;
- Case No. 2:16-00098;
- Case No. 2:16-01074.

(3) The cases to be transferred are **STAYED** pending transfer. The stay applies to all deadlines and discovery obligations.

**SIGNED this 24th day of March, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE